IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00244-06-CR-W-DW |
| | ) | |
| MARILYN BAGLEY, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by David M. Ketchmark, Acting United States Attorney, and undersigned Assistant United States Attorneys, and the defendant, Marilyn Bagley ("the defendant"), represented by P. J. O'Connor.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Indictment, charging the defendant under 18 U.S.C. § 371 (Conspiracy to Commit Commercial Sex Trafficking). By entering into this plea agreement, the defendant admits that she knowingly committed this offense, and is in fact guilty of this offense.

3.  **Factual Basis for Guilty Plea.**  The parties agree that the Government can prove the beyond a reasonable doubt the offense to which the defendant is pleading guilty, which includes but is not limited to, the following facts:

In 2002, MARILYN BAGLEY, and Defendant Edward Bagley, invited the female named in the indictment, Female Victim (hereafter "FV") into their residence to visit and stay overnight. From 2002 to 2003, M. BAGLEY and E. Bagley, provided FV with housing, food, and an invitation to move in with them permanently. E. Bagley and M. BAGLEY knew that FV had previously been sexually and physically abused and grew up with a troubled life in foster care. In February 2003, FV moved in the Bagley trailer home permanently. E. Bagley was engaging in a sexual relationship with FV. M. BAGLEY taught FV how to do basic things she did not know how to do like dress, eat, wear makeup, cook and clean. FV was shown images and videos of people engaging in bondage activities online and downloaded from the internet. M. BAGLEY taught FV how to respond and behave for E. Bagley as his slave. E. Bagley had FV sign a "sex slave" contract to bind FV to him as his slave. E. Bagley sewed FV's vaginal and urinary opening closed and began conducting sadistic acts on her. M. BAGLEY inserted dildos and devices inside of FV sexual organs, and used her arm to "fist" FV inside of her vagina. E. Bagley would punish FV if she did not do as he instructed. Over the period of the next six years, the E. Bagley's sadistic acts upon FV increased in quantity and intensity. They involved, for example, strangulation, suffocation, breast and vaginal penetration with skewers, and electrical voltage. M. BAGLEY knew that other individuals, including the co-defendants in the case, James Noel, Michael Stokes, Bradley Cook, and Dennis Henry, came to the residence to engage in sexual conduct and sadistic acts on FV. Defendants Noel, Stokes, Cook, and Henry provided E. Bagley with bondage pornography, meat, cigarettes, and cash,

among other items, in exchange for the sessions involving sadistic and sexual acts on FV.  During this time period, E. Bagley ceased engaging in sexual or sadomasochistic acts upon M. BAGLEY and only focused on his sexual and sadistic acts on FV.

    4.    **Use of Factual Admissions and Relevant Conduct.**  The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2).  The defendant acknowledges, understands and agrees that other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2.

    5.    **Statutory Penalties.**   The defendant understands that upon her plea of guilty to Count One of the Indictment charging a violation of  18 U.S.C. § 371, the maximum penalties the Court may impose are as follows: not more than 5 years of imprisonment, a $250,000 fine, 3 years of supervised release, an order of restitution, and a $100 mandatory special assessment.  The defendant agrees to pay in full the mandatory special assessment of $100 no later than the date of sentencing.  The defendant further understands that the crime she is pleading guilty to is a Class D felony offense.

    6.    **Sentencing Procedures**.  The defendant acknowledges, understands and agrees to the following:

    a.    In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the

-3-

Court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determine advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose a sentence of probation. If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the Court is rejecting the plea agreement the Court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

      b.    The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

      c.    If the defendant violates a condition of her probation, the Court may revoke her probation and impose a period of imprisonment of up to five years. In addition to a term of imprisonment, the Court also may impose a period of supervised release, the length of which cannot exceed three years.

      d.    Any sentence of imprisonment imposed by the Court will not allow for parole.

      e.    The Court must order restitution to be paid to victim of the offenses to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity. The defendant understands and agrees that entry of a restitution order is mandatory in this case pursuant to 18 U.S.C. § 1593.

**7.** **<u>Government's Agreements.</u>** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses for which it has venue and which arise out of the conduct charged in the Indictment. Further, the United States agrees to dismiss all remaining counts charged in the Indictment at the time of sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against

-4-

the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of additional charges against her if he breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if additional charges are initiated against her following a breach of this agreement. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant. The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the counts to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any

limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **<u>Withdrawal of Plea</u>.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

10. **<u>Agreed Guidelines Applications</u>.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a.    The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable."

    b.    The applicable Guidelines section for the offense of conviction in Count One is U.S.S.G. §§ 2X1.1 and 2A3.1, which provides for a base offense level of 30.

    c.    The parties expressly acknowledge that other enhancements or reductions in the defendant's offense level may be applicable. The defendant agrees to not oppose enhancements applied by the U.S. Probation Office or the government.

    d.    Unless the defendant (1) fails to abide by the terms and conditions of this plea agreement and pretrial release; or (2) attempts to withdraw the defendant's guilty plea; or (3) violates the law or otherwise engages in conduct inconsistent with acceptance of responsibility, the parties agree that at least a 2-level reduction should be made in the offense level for acceptance of responsibility and a 3-level reduction should be made if the court determines the offense level is 16 or higher.

  e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office.

  f. The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do **not** bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines.

  g. The defendant and the United States confirm that the agreed sentence set forth above is both reasonable and authorized by law.

  h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in an indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

  i. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that are made during the plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement

voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.** **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the Indictment;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14.** **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against her;

    e. the right to compel or subpoena witnesses to appear on her behalf; and

    f. the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court may ask her questions about the offense to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement.

**15. Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

    a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. This includes future restitution for counseling and medical costs calculated and projected by a government expert. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

    b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which she has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the United States Attorney's Office (USAO), the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of all financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to her to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100.00 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of her fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that she has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that she will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture,

restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17.   Waiver of FOIA Request.**  The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18.   Waiver of Claim for Attorney's Fees.**  The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19.   Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she testifies at trial or violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that

she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

If, in the good faith estimation of the United States, defendant's testimony proves to be untruthful in any way defendant will have breached this Plea Agreement. In the event defendant breaches the Plea Agreement, the United States will no longer be bound by, and may withdraw from, the Plea Agreement and take defendant to trial on any charges of which the United States is aware. Defendant agrees that if the United States in good faith determines that she has not provided full and truthful testimony, or has committed any local, state, or federal crime between the date of this Plea Agreement and her sentencing, or has otherwise violated any other provision of this Plea Agreement, or has violated the terms and conditions of her release while on bond as required by the Court, the United States will be relieved of its obligations under this Plea Agreement, and the defendant's previously entered plea of guilty shall remain in effect and cannot be withdrawn. The defendant will be subject to all penalties carried by the statute in which she plead guilty and the court and government will not be bound by the agreed upon term of probation. Further, the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Further, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this Plea Agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this Plea Agreement to waive any and all defenses based upon the statute of

limitations with respect to any prosecution which is not barred by the statute of limitations on the date this Plea Agreement is signed by the defendant.

**20.** **Defendant's Representations.**  The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement.  The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to enter her plea of guilty.

**21.** **No Undisclosed Terms.**  The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**22.** **Standard of Interpretation.**  The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.  The parties further agree that, in interpreting this agreement, any drafting errors

or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                David M. Ketchmark
                Acting United States Attorney

Dated: 12/6/12            /s/Cynthia L. Cordes for
                Paul S. Becker
                Assistant United States Attorney
                Chief, Violent Crimes Strike Force Unit

                /s/Cynthia L. Cordes
                Cynthia L. Cordes
                Assistant United States Attorney
                Human Trafficking Coordinator

                /s/Cynthia L. Cordes for
                John Cowles
                Assistant United States Attorney

CLC:lm

     I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: 12/6/12            /s/Marilyn Bagley
                Marilyn Bagley
                Defendant

-14-

Case 4:10-cr-00244-DW   Document 387   Filed 12/06/12   Page 14 of 15

I am defendant Marilyn Bagley's attorney. I have fully explained to Ms. Bagley her rights with respect to the offense charged in the Indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Marilyn Bagley's decision to enter into this plea agreement is an informed and voluntary one.


Dated:  12/6/12                              /s/P.J. O'Connor
                                             P.J. O'Connor
                                             Attorney for Defendant

Case 4:10-cr-00244-DW   Document 387   Filed 12/06/12   Page 15 of 15