IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.: 10-00244-06-CR-W-DW |
| MARILYN BAGLEY, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REQUEST HEARING REGARDING PROBATION CONDITIONS**

The United States, through United States Attorney Tammy Dickinson and Assistant United States Attorney Teresa A. Moore respectfully object to the defendant's request for a hearing related to her probation conditions, and petitions this Court to leave in place the conditions previously ordered. In support of this response the Government states the following:

**I.      Background**

On September 12, 2013, the defendant, Marilyn Bagley, was sentenced to a term of five years probation based on her plea of guilty to Conspiracy to Commit Sex Trafficking by Force, Fraud, or Coercion pursuant to 18 U.S.C. §§ 371 and 1591(a) and (b). The defendant was placed on probation for a term of 5 years and the Court imposed 13 standard conditions of probation in addition to 12 special conditions of probation. (EFC Doc. 458 filed 09/24/2013.) On September 25, 2013, the Court amended the conditions of probation to remove a special condition of release that was not imposed on the record during defendant's September 12, 2013, sentencing hearing. (ECF Doc 461.)

On October 2, 2013, the defendant filed a request for hearing regarding three probation conditions and indicated she would like an opportunity to address the Court regarding these conditions. Specifically the defendant would like to address the Court regarding conditions:

1. the defendant shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

2. the defendant shall not leave the district without permission from the Court or the probation officer; and

3. the defendant shall not be present in any establishment where alcoholic beverages are the primary item for sale.

The Government's position regarding each of these conditions is set forth below.

II.     **Government's Position Related to Probation Conditions**

The defendant was placed on probation less than a month ago, and is already petitioning the Court to amend her conditions of probation. Pursuant to 18 U.S.C. § 3562, the Court shall consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "in determining the length of the term and conditions of probation … to the extent that they are applicable." At sentencing the Court expressly ordered conditions of probation suitable for this defendant.

In this case, based on the nature and circumstances of the offense and the history and characteristics of the defendant, the Government asserts the conditions in place are appropriate and should be enforced. Probation officers have broad statutory authority and duties including use of "all suitable methods, not inconsistent with the conditions specified by the court, to aid a probationer …. , and to bring about improvements in his conduct and condition." 18 U.S.C. § 3603(3).

2

A. *Standard Condition Number 9*

*The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.*

The defendant has indicated she would like to have contact with an individual who has been previously convicted of a felony. The Government has learned that this individual has a prior conviction for Felonious Restraint for which he served a term of three years in the Missouri Department of Corrections. Although this conviction is from 1999, the facts surrounding the conviction relate to a domestic violence incident in which the individual covered himself with lighter fluid and attempted to commit suicide to keep his then girlfriend restrained. In addition, the Government has learned this individual has a 1991 conviction for Stealing for which he received a term of four years in the Missouri Department of Corrections, and a conviction for Failure to Obey a Police Officer, for which he also received a term of imprisonment. Based on the underlying facts of the defendant's case, her previous involvement with co-defendants, and the recency of her probation sentence the Government asserts that contact between the defendant and convicted felons should not be allowed.

This requirement of probation is not unique to the defendant, in fact, U.S.S.G. § 5B1.3(c)(9) recommends as a standard condition of probation that defendants not associate with any persons engaged in criminal activity nor associate with any persons convicted of a felony unless granted permission to do so by the probation officer. The probation officer has not had an opportunity to make an assessment of the defendant nor make an assessment of the convicted felon with whom the defendant wishes to associate. Based on the defendant's participation and status in the underlying case, the probation officer cannot in good faith permit

3

the defendant to have contact with a felon whose past crimes include not only a domestic violence felony, but a crime in contravention of legitimate law enforcement authority.

   B.   *Standard Condition Number 1*

*The defendant shall not leave the judicial district without the permission of the court or probation officer.*

U.S.S.G. § 5B1.3(c)(1) recommends as a standard condition of probation a requirement that the defendant not leave the judicial district or other specified geographical area without permission of the court or probation officer. As stated above, the defendant has been on probation for less than one month. As a general practice the Probation Office does not allow probationers to travel outside the district within the first 60 days of probation. All probationers are notified of this 60 day time period during their orientation process. This travel restriction helps to establish stability and a probation plan, in addition to providing time to make a determination as to the defendant's ability to comply with all probation requirements. Based on the recency of the defendant's probation the Government asserts travel to another state should be denied until the defendant has proved she can successfully comply with the terms of her probation. Further, the defendant is required to register as a sex offender based on the crime of conviction and as a condition of her probation (See Special Condition No. 10). As a registered sex offender there may be issues related to travel from her home state, as well as requirements of the jurisdiction or state she intends to visit. In addition to the terms of her probation, the defendant will need to comply with all requirements related to her status as a registered sex offender.

> C. *The Defendant shall not be present in any establishment where alcoholic beverages are the primary item for sale.*

This condition, which was Special Condition Number 3 in the original Judgment of Conviction, was removed in the Amended Judgment. While this condition is not currently in place, there is a curfew condition in place, Special Condition Number 11, which requires the defendant to be at her place of residence between the hours of 10:00 p.m. and 6:00 a.m., 7 days per week. The defendant has indicated she would like to address the Court about entering local bars for the purpose of dancing and socializing. The defendant was convicted of an extremely serious offense. As a sentencing factor the Court was required to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The defendant's request to go dancing and socializing at local bars demonstrates her lack of understanding of the serious nature of the offense.

### III. CONCLUSION

WHEREFORE, the Government respectfully requests that this Honorable Court, deny the defendant's request for a hearing, and deny requests to alter the conditions of probation that have been in place for less than a month. In addition, the Government suggests that the Court consider reviewing the defendant's conditions of probation only *after* the defendant has successfully established her record of participating in and abiding by the conditions that are currently in place for a period of at least six (6) months.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  */s/ Teresa A. Moore*
Teresa A. Moore #40813
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th St., 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on this 4th day of October, 2013, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record, and was delivered to the Probation Office.

Brad Cox
U.S. Probation Office
131 W. High Street
P.O. Box 1764
Jefferson City, MO 65101

*/s/ Teresa A. Moore*
Teresa A. Moore
Assistant United States Attorney