**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                   **Case No.:  10-00244-06-CR-W-DW**

**MARILYN BAGLEY**
                                                          **USM Number:  23024-045**

                                                          Patrick James O'Connor, CJA


**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**

**Date of Original or Last Amended Judgment:** 9/25/13

**Reason for Amendment:**  Modification of Supervision Conditions (18 U.S.C. Sections 3563(c) or 3583(e)).  Additional special conditions of probation imposed.

The defendant pleaded guilty to Count 1 of the Superseding Indictment.  Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 and 18 U.S.C. § 1591(a) and (b)(1) | Conspiracy to Commit Commercial Sex Trafficking By Force, Fraud or Coercion | 2/27/09 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 10/16/2013


                              /s/ Dean Whipple
                              DEAN WHIPPLE
                              UNITED STATES DISTRICT JUDGE


                              October ___17___, 2013

## PROBATION

The defendant is hereby placed on probation for a term of **5 Years**.

While on probation, the defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in accordance with the Schedule of Payments sheet on the attached page.

## STANDARD CONDITIONS OF PROBATION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF PROBATION

The defendant shall also comply with the following special conditions of probation:

1.      Restitution is ordered in the amount of$123,041.66. A lump sum payment of the full amount of$123,041.66 is ordered due immediately. If unable to pay the full amount immediately, while incarcerated, the defendant shall make quarterly payments of $25 or at least 1 0 percent of earnings, whichever is greater, and while on supervised release, monthly payments of $100 or 10 percent of gross income, whichever is greater, to commence 30 days from release from incarceration.

2.      Pay any restitution balance on the schedule set by the Court.

3.      Provide the Probation Office with access to any requested financial information.

4.      Not incur new credit charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding.

5.      Successfully participate in any substance abuse testing program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

6.      The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

7.      The defendant shall submit her person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

8.      The defendant shall successfully participate in a program of sex offender counseling, which may include the submission to polygraph testing to assist in treatment planning and/or monitoring, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.

9.      The defendant will not associate or have any contact (including incidental contact such as being present in locations where minors frequent) with persons/females/males under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.

10.     The defendant will not have contact with the other defendants, the victim, or the government officials involved in the investigation and prosecution of this case, to include any physical, visual, written, telephonic or electronic contact with such person. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have such contact with such person.

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case

11.     The defendant will not have contact (physical, visual, written or telephone) with co-defendant Edward Bagley, Sr., and will not accept phone calls from such person. If Edward Bagley, Sr., attempts to contact defendant, she shall contact the government officials involved with the investigation immediately to report the incident.

12.     The defendant will neither possess nor have under her control any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18. This includes, but is not limited to, any matter obtained through access to any computers or any material linked to computer access or usage.

13.     The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries a vocation, or is a student, as directed by the probation officer. The defendant shall adhere to the registration and notification procedures of the state in which the defendant resides. The defendant shall comply with all state and federal sex offender registration requirements.

14.     The offender's place of residence may not be in close proximity to schools, parks, playgrounds, public pools, or other locations frequented by children.

15.     The defendant shall not possess or use any computer; except that the defendant may, 'with the prior approval of the U.S. Probation Officer, use a computer in connection with authorized employment.

16.     The defendant shall not possess or use any camera, nor possess or use any other device with the capability of taking pictures, without the prior approval of the U.S. Probation Officer.

17.     Satisfy any warrants/pending charges within the first 90 days of supervised release.

18.     The defendant shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restrictions that have been imposed.

19.     The defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching as directed by' the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

20.     While on supervision, defendant shall be at her place of residence between the hours of 10:00 p.m. and 6:00 a.m., 7 days per week, unless her work schedule requires her to be at work past 10:00 p.m. If defendant works beyond 10:00 p.m., she shall be at her place of residence within 30 minutes after her work day is complete.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them.  I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.


_____     _____
Defendant                                   Date


_____     _____
United States Probation Officer             Date


AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | ***Total Restitution** |
|---|---|---|
| **$100.00** | **$** | **$123,041.66** |

A lump sum payment of the full amount of $123,041.66 is ordered due immediately.   If unable to pay the full amount immediately, the defendant shall make payments of at least 10 percent of earnings while incarcerated and monthly payments of $100 or 10 percent of gross income, whichever is greater, while on supervision.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Restitution shall be paid to the victim (name and address withheld) through the Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO 64106.  **The Clerk of Court shall retain all payments until further order of the Court.**

Notwithstanding any other provision of this order, the Government may enforce restitution at any time.

Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.

The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106 of: 1) any change of name, residence, or mailing address; and 2) any material change in economic circumstances that affects the ability to pay restitution.

Note:  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

* See separate Restitution Judgment for further details